UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOSE SALUTIANO-HERNANDEZ,

v.                                                 Case No. 8:05-cr-508-T-24EAJ
                                                                         8:08-cv-185-T-24EAJ

UNITED STATES OF AMERICA.

_____

O R D E R

This cause is before the Court on Defendant's motion to vacate, set aside, or correct an allegedly illegal sentence pursuant to 28 U.S.C. § 2255. (Doc. cv-1; cr-99)(hereinafter "motion" or "motion to vacate"). Because review "of the motion and the file and records of the case conclusively show that the defendant is entitled to no relief," the Court will not cause notice thereof to be served upon the United States Attorney but shall proceed to address the matter. *See* 28 U.S.C. § 2255.

Procedural History

On January 4, 2006, Salutiano-Hernandez pled guilty, without a plea agreement, to conspiracy to possess with intent to distribute five kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the United States, in violation of 46 Appendix, U.S.C. §§ 1903(a), 1903(g) and 1903(j); and 21 U.S.C. § 960(b)(1)(B)(ii) (count one); and

to possession with intent to distribute five kilograms or more of cocaine, while aboard a vessel subject to the jurisdiction of the United States, in violation of 46 Appendix, U.S.C. §§ 1903(a) and 1903(g), and 18 U.S.C. § 2; and 21 U.S.C. 906(b)(1)(B)(ii) (count two). (Docs. cr-35; cr-66; cr-89),

On April 6, 2006, this Court sentenced Salutiano-Hernandez to 168 months incarceration as to counts one and two of the indictment. The sentences ran concurrent to each other. (Doc. cr-66, cr-86). Salutiano-Hernandez directly appealed the final judgment to the United States Court of Appeals for the Eleventh Circuit, Appeal No. 06-12179-GG.

On appeal, Salutiano-Hernandez argued "that the district court clearly erred in denying him a safety-valve reduction because he met the five criteria set forth in U.S.S.G. § 5C1.2." He also argued that he should have been given the opportunity to cross-examine his co-defendants.

The Eleventh Circuit disagreed, stating:

> On appeal, Salutiano-Hernandez argues that the district court clearly erred in denying him a safety-valve reduction because he met the five criteria set forth in U.S.S.G. § 5C1.2. While acknowledging that his statements to investigators differed in certain respects from those of his co-defendants, he argues that he fully and truthfully provided all information about the offense. In support, he argues that his disclosure coincided with many of the facts offered by his co-defendants. Salutiano-Hernandez also contends that he should have been given the opportunity to cross-examine his co-defendants.
>
> When considering a district court's denial of safety-valve relief, we review findings of fact for clear error and the application of the guidelines to those facts *de novo*. *United States v. Johnson*, 375 F.3d 1300, 1301 (11th Cir. 2004). U.S.S.G. § 5C1.2 (the "safety-valve" provision), implements 18 U.S.C. § 3553(f) and requires a district court to sentence a defendant in certain drug-possession cases without regard to any statutory minimum sentence if the defendant meets the five criteria enumerated in the guideline. *See Unites States v. Brownlee*, 204 F.3d 1302, 1304-05 (11th Cir. 2000).

2

U.S.S.G. § 2D1.1(b)(7) provides for a two-level decrease in offense level if the defendant meets the criteria set forth in U.S.S.G. § 5C1.2. The burden is on the defendant to show that he has satisfied all of the safety-valve factors and that the information he has provided is truthful. *United States v. Cruz*, 106 F.3d 1553, 1557 (11th Cir. 1997); *United States v. Espinosa*, 172 F.3d 795, 797 (11th Cir. 1999).

The final 5C1.2(a)(5) factor requires a defendant to truthfully and fully disclose information within his knowledge relating to the crime for which he is being sentenced. *See United States v. Figueroa*, 199 F.3d 1281, 1283 (11th Cir. 2000). "This final factor is a tell-all provision: to meet its requirements, the defendant has an affirmative responsibility to truthfully disclose to the government all information and evidence that he has about the offense and all relevant conduct." *United States v. Johnson,* 375 F.3d 1300, 1302 (11th Cir. 2004) (emphasis in original; internal punctuation omitted). A district court cannot apply the safety valve if it determines that the defendant withheld or misrepresented information, even if the information would not have aided further investigation or prosecution if properly disclosed. *See Figueroa*, 199 F.3d at 1283. A defendant's prior lies and omissions, however, "do not, as a matter of law, disqualify a defendant from safety-valve relief so long as the defendant makes a complete and truthful proffer not later than the commencement of the sentencing hearing." *Brownlee*, 204 F.3d at 1305. A district court may exercise its discretion to continue the sentencing hearing, and thus give the defendant an opportunity to make a complete and truthful statement, or to correct a prior incomplete or untruthful statement. *United States v. Garcia,* 1260, 1275 (11th Cir. 2005).

Upon review of the record and the sentencing transcript, and upon consideration of the briefs of the parties, we discern no reversible error. The district court did not clearly err in determining that Salutiano-Hernandez had not truthfully and fully disclosed information within his knowledge relating to the crime. Salutiano-Hernandez failed to disclose important facts, including who hired him, who was in charge of the venture, who was to pay him, and the location where the venture began and was to end. The facts that he did disclose differed from the mutually consistent accounts offered by his co-defendants. For example, the co-defendants testified that Salutiano-Hernandez was the captain of the boat, which he also denied.

Salutiano-Hernandez admits that his statement was inconsistent with his co-defendants' statements in certain respects. He nevertheless argues that some of the information he offered coincided with the statements of his co-defendants. Partial consistency, however, does not show either that Salutiano-Hernandez disclosed everything he knew, or that what he did disclose was truthful. To the contrary, the fact that he disclosed less than his co-defendants did tends to show he was not completely forthcoming. And

3

the fact that some of the details he offered were, as he acknowledges, different from his co-defendants' mutually consistent statements tends to show that what he in fact disclosed was not fully truthful. The district court therefore did not clearly err in determining that Salutiano-Hernandez had not truthfully and fully disclosed information within his knowledge relating to the crime and that the safety-valve provisions, U.S.S.G. §§ 5C1.2 and 2D1.1(b)(7), did not apply to his convictions.

Finally, Salutiano-Hernandez argues that he should have been given an evidentiary hearing where he could have cross-examined his co-defendants. We normally review a district court's denial of an evidentiary hearing before denying safety-valve relief for abuse of discretion. *United States v. Gay*, 251 F.3d 950, 951 (11th Cir. 2001). But where, as here, the defendant did not request an evidentiary hearing in the district court, we review for plain error. *United States v. Peters* , 403 F.3d 1263, 1270 (11th Cir. 2005). To prevail, Salutiano-Hernandez must identify an error that is plan, affects substantial rights, and seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

Here, the district court did not plainly err because Salutiano-Hernandez has failed to show that the denial of an evidentiary hearing affects his substantial rights. At the sentencing hearing, the district court had before it evidence tending to show that Salutiano-Hernandez had not fully and truthfully disclosed information relating to the crime, and no evidence to the contrary. Salutiano-Hernandez did not allege that his co-defendants were lying. Rather, after the district court advised the defendant of the legal consequences of his apparent lack of truthfulness, Salutiano-Hernandez merely expressed a desire to be sentenced right away. The evidence before the district court therefore did not permit any inference of entitlement to the safety-valve reduction. The district court legitimately concluded that an evidentiary hearing was not necessary, and certainly did not plainly err. Moreover, the district court offered to continue the sentencing hearing to allow Salutiano-Hernandez to offer a statement that would allow him to qualify for safety-valve relief. He refused the court's offer. The district court was therefore doubly entitled to conclude that Salutiano-Hernandez had no further arguments to make, and that an evidentiary hearing would have been futile. Accordingly, the district court is

AFFIRMED.

On January 31, 2007, the Eleventh Circuit affirmed the disposition of this case.

*United States v. Jose Salutiano-Hernandez,* (unpublished). Doc. cr-98. (USCA Decision).

On September 5, 2007, Salutiano-Hernandez timely filed the present section 2255 motion to vacate (Doc. cv-1), raising two grounds for relief. A review of the record demonstrates that, for the following reasons, the motion to vacate must be **denied**.

Standards of Review

Ineffective Assistance of Counsel Standard

To prevail on a claim of ineffective assistance of trial or appellate counsel, a Petitioner must meet the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *Strickland*'s two-part test requires a Petitioner to demonstrate that counsel's performance was deficient and "there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* However, if a claim fails to satisfy the prejudice component, the court need not make a ruling on the performance component.

The two-pronged Strickland test is applicable to ineffective assistance of counsel claims arising out of the process. *Hill v. Lockhart*, 474 U.S. 52, 57 (1985). As applied to the plea situation, the first prong of *Strickland* remains the same in that the attorney's conduct must fall within the range of reasonable conduct. *Hill,* 474 U.S. at 58. Counsel owes a lesser duty to a client who pleads guilty than to one who goes to trial, however, and in the former case, counsel need only provide his client with an understanding of the law in relation to the facts, so that the accused may make an informed and conscious choice between entering a guilty plea and going to trial. *Wofford v. Wainwright*, 748 F.2d 1505, 1508 (11th Cir. 1984). To impart such an understanding to the accused, counsel merely must make an independent examination of the facts, circumstances, pleadings and laws

involved, and then offer counsel's informed opinion as to the best course to be followed in protecting the interests of the client. *Id.*

The second prong of the *Strickland* test focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. *Hill,* 474 U.S. at 59. In other words, in order to satisfy the prejudice requirement, a defendant claiming ineffective assistance of counsel during the plea process must show that there is a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial. *Id.* The best way to evaluate whether there is a reasonable probability a petitioner would have insisted on going to trial is to determine whether petitioner had available a defense that would likely have borne fruit at trial. *Upshaw v. United States*, 2008 WL 638261 at *1 (M.D. Fla., Mar. 5, 2008) (citing *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).

Discussion

Ground One

**Ineffective Assistance of Counsel, as to counsel's bad advise [sic] that if he pled guilty that he would receive a downward [sic] pursuant to U.S.S.G. 5C1.2.**

Salutiano-Hernandez alleges that his defense counsel "promised petitioner that he would be given a downward departure if he would pled [sic] guilty to the offese [sic] and not go to trial." (Doc. cv-2 at p. 6). He also claims that he was pushed by his attorney to plead guilty. He contends that the 168-month sentence is the worst sentence he could have received because under the sentencing guidelines table of U.S.S.G. § 2D1.1, Salutiano-Hernandez's sentencing level would have been no more than 32. He alleges that, with his

6

criminal history of 1, his sentence would have been 121 months to 151 months, "far less than pettioner [sic] received."

Salutiano-Hernandez alleges that he would have chosen to go to trial had he known that he would not receive the downward departure that his attorney told him that he would receive. Salutiano-Hernandez contends that he "has shown prejudice, and the fact that if not for counsel's unprofessional error there is a reasonable probability that the results would have been different." Salutiano-Hernandez claims that his 168-month sentence was far more than he would have received had he gone to trial instead of pleading guilty. Finally, Salutiano-Hernandez alleges that his defense counsel told him his sentence would be no more than 10 years incarceration because he would receive the safety-valve reduction pursuant to U.S.S.G. § 5C1.2. (Doc. cv-2 at 6-7). Salutiano-Hernandez contends that he is entitled to an evidentiary hearing on this claim.

Ground one has no merit. At his change of plea hearing before the United States Magistrate Judge, Salutiano-Hernandez swore that no one had promised him anything to "get you to plead guilty." (Doc. cr-89 at p. 21). He also swore that no one had threatened him to induce him to plead guilty. (Doc. cr-89 at 21). Salutiano-Hernandez further swore that his attorney had discussed the advisory sentencing guidelines with him. (Doc. cr-89 at p. 25). After the Assistant United States Attorney read the factual basis of the charges, Salutiano-Hernandez swore that he agreed with the facts as read, and admitted that he was involved with the cocaine that was aboard the vessel captured by the United States Coast Guard. (Doc. cr- 89 at pp. 17-21).The Magistrate Judge explained what the charges were and the penalties that Salutiano-Hernandez faced. (Doc. cr-89 at p. 8-11; 20).

7

Salutiano-Hernandez swore that he had had enough time with his attorney to make the decision about pleading guilty and that he was satisfied with the advice and presentation of his attorney. (Doc. cr-89 at p. 11). He swore that he understood the charges and the penalties. (Doc. cr-89 at pp. 9, 10, 22, 23). The Magistrate Judge explained to Salutiano-Hernandez that no one knew what his sentence would be "and that won't happen until a report is submitted before the sentencing." (Doc. cr-89 at pp. 24-25). Salutiano-Hernandez confirmed that he understood that if his sentence under the guidelines was different from what he expected, he could not change his mind about pleading guilty. (Doc. cr-89 at 25).

In the present case, the record affirmatively contradicts Salutiano-Hernandez's claim that he pled guilty because defense counsel told Salutiano-Hernandez he would receive the safety-valve reduction. Salutiano-Hernandez swore, under oath, at the change of plea hearing that his guilty plea had not been induced by promises or assurances from anyone. A defendant's statements during a Rule 11 colloquy as well as any findings made by the judge accepting the pleas constitute a formidable barrier in any subsequent collateral proceedings. *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977); *cf. Holmes v. United States*, 876 F.2d 1545, 1550 (11th Cir.1989) (trial court satisfied itself during Rule 11 colloquy of voluntary and understanding nature of plea). Solemn declarations made under oath in open court carry a strong presumption of verity. *Blackledge*, 431 U.S. at 73-74; *United States v. Medlock*, 12 F.3d 185, 187 (11th Cir.1994). They are presumptively trustworthy and are considered conclusive absent compelling evidence showing otherwise. *Blackledge*, 431 U.S. at 73-74; *see also United States v. Gonzalez-Mercado,* 808 F.2d 796, 800 n. 8 (11th Cir.1987); *Downs-Morgan v. United States*, 765 F.2d 1534, 1541 n. 14 (11th Cir.1985);

*Potts v. Zant*, 638 F.2d 727, 750-51 (5th Cir.1981) (citing *United States v. Sanderson*, 595 F.2d 1021 (5th Cir.1979)); *Nguyen v. United States*, 114 F.3d 699, 703 (8th Cir.1997); *United States v. Messino*, 55 F.3d 1241, 1248 (7th Cir.1995); *United States v. Mims,* 928 F.2d 310, 313 (9th Cir.1991); *United States v. DeFusco*, 949 F.2d 114, 119 (4th Cir.1991). Consequently, a defendant "bears a heavy burden to show his statements [under oath] were false." *United States v. Rogers*, 848 F.2d 166, 168 (11th Cir.1988); *United States v. Reid*, 2007 WL 4190403 (11th Cir.2007)(unpublished; text in WESTLAW).

Salutiano-Hernandez has not met his burden to show that his sworn statements, made at the change of plea hearing, that his guilty plea had not been induced by promises or assurances from anyone; and that he understood the charges and penalties he faced, were false. Furthermore, Salutiano-Hernandez has not shown prejudice. Salutiano-Hernandez has not shown that the outcome of the proceeding would have been different but for defense counsel's performance, because Salutiano-Hernandez's sworn statement that no one had induced him to plead guilty negates his allegation that he would have chosen to go to trial "had he known that he would not receive the downward departure that his attorney told him that he would receive." Salutiano-Hernandez knew, at the change of plea hearing, that no one knew what his sentence would be "and that won't happen until a report is submitted before the sentencing." (Doc. cr-89 at pp. 24-25)

Furthermore, the record evidence demonstrates that he was not truthful and forthcoming at his safety valve debriefing. In addition, Salutiano-Hernandez refused an additional opportunity to debrief when the Court offered to continue the sentencing hearing so that Salutiano-Hernandez could attempt to offer a statement that would allow him to

qualify for safety valve relief. *See United States v. Garcia,* 1260, 1275 (11th Cir. 2005). (Doc. cr-86 at p. 10).

Salutiano-Hernandez's allegation of ineffective assistance of counsel is affirmatively contradicted by the record, and he is not entitled to relief on ground one.

## Ground Two

**Ineffective Assistance of counsel as to an involuntary plea.**

Salutiano-Hernandez claims that he "never understood the true nature of the charges that was against him." He alleges that his due process rights were violated because neither the Court nor his counsel properly explained the true nature of the charges that he faced. He claims that his guilty plea was not intelligent or voluntary because he never understood the charges against him and his defense counsel did not explain the charges to him. (Doc. cv-2 at p. 10-12).

This claim also has no merit. At the change of plea hearing, the Magistrate Judge explained what the charges were and the penalties that Salutiano-Hernandez faced. (Doc. cr-89 at p. 8-11; 20). When Salutiano-Hernandez stated that he did not understand what his second charge "was about," the Magistrate Judge, through the sworn interpreter, explained the charge again, and Salutiano-Hernandez swore that he understood the charge. (Doc. cr-89 at 9-10). Salutiano-Hernandez swore that he understood all the charges and the penalties. (Doc. cr-89 at pp. 9, 10, 22, 23). Salutiano-Hernandez swore that he had had enough time with his attorney to make the decision about pleading guilty and that he was satisfied with the advice and presentation of his attorney. (Doc. cr-89 at p. 11).

The Magistrate Judge explained the constitutional rights Salutiano-Hernandez would be giving up by pleading guilty. (Doc. cr-89 at 25-27). Salutiano-Hernandez confirmed that he wanted to plead guilty, and that he pled guilty because he was guilty. (Doc. cr-89 at p. 28). The Magistrate Judge found that his plea was "knowing, intelligent, and voluntary and supported by an independent basis in fact as to each essential element of the offense." (Doc. cr-89 at 28).

At the change of plea hearing, Salutiano-Hernandez swore in open court that he understood the charges against him, and nothing in the record supports Salutiano-Hernandez's claim that he did not understand the charges, or that his plea is involuntary because of this lack of understanding. Ground two does not warrant relief.

### Evidentiary Hearing Not Necessary

*Hill v. Lockhart* does not require an evidentiary hearing merely because a defendant asserts a claim of ineffectiveness of counsel when the record affirmatively contradicts the allegations. *Holmes v. United States*, 876 F.2d 1545, 1551 (11th Cir.1989)(citing and quoting *Guerra v. United States*, 588 F.2d 519 (5th Cir. 1979)("a hearing is not required on patently frivolous claims or those which are based upon unsupported generalizations. Nor is a hearing required where the petitioner's allegations are affirmatively contradicted by the record. *id* at 520-21).   In the present case Salutiano-Hernandez's allegations are affirmatively contradicted by the record.

**Accordingly, the Court orders:**

That Salutiano-Hernandez's 28 U.S.C. motion to vacate (Doc. cv-1; cr-99) is denied. The Clerk is directed to enter judgment against Salutiano-Hernandez in the civil case and to close that case.

### CERTIFICATE OF APPEALABILITY AND
### LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that Defendant is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue ⋯ only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, Defendant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further, ' " *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Defendant has not made the requisite showing in these circumstances.

Finally, because Defendant is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on March 31, 2008.

SUSAN C. BUCKLEW
United States District Judge

AUSA: Kelley Clement Howard-Allen
Jose Salutiano-Hernandez

12